*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KING, TANG, and LAWRENCE,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Brian H. DELNEVO**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201900017**

Decided: 24 February 2020.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Major Terrance J. Reese, USMC. Sentence adjudged 10 October 2018 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone: reduction to paygrade E-1, confinement for twenty months, and a dishonorable discharge. Sentence approved by the convening authority: as adjudged.

For Appellant: Captain Marcus N. Fulton, JAGC, USN; Lieutenant Commander Derek C. Hampton, JAGC, USN.

For Appellee: Lieutenant Joshua C. Fiveson, JAGC, USN.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas, of two specifications of conspiring to commit larceny of military property with a value greater than $500 and to wrongfully sell that property; one specification of conspiring to obstruct justice; three specifications of larceny of military property; two specifications of wrongful sale of military property; and one specification of dereliction of duty in violation of Articles 81, 92, 108, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, 908, 921 (2016). Appellant claims that he received a highly disparate sentence compared to that of his co-actors. We disagree, find no prejudicial error, and affirm.

## I. BACKGROUND

Appellant and three other Marines, all of whom worked in a supply warehouse at 3d Marine Raider Battalion, pleaded guilty in accordance with their pretrial agreements to charges involving stealing military property from that warehouse and selling it to a local pawnshop. In addition to entering into a conspiracy with Corporal (Cpl) Anne to do so, Appellant admitted to stealing and selling this military property. He also admitted that he conspired with Cpl Anne to obstruct justice by replacing the hard drive in the warehouse video surveillance system. Some of this property was stolen with the assistance of Cpl Galan-Perez and Lance Corporal (LCpl) Torres. The latter two Marines eventually stopped stealing and attempted to convince Appellant to do the same. He did not. Instead, he and Cpl Anne conspired to steal and sell 25 Solar Portable Alternative Communications Energy Systems, with a cumulative value of over $323,000. They were apprehended before they could do so.

The Marines entered into pretrial agreements.[1] Cpl Anne's case was referred to a general court-martial where he pleaded guilty to three specifications of conspiracy; two specifications of larceny of military property greater than $500; two specifications of wrongful sale of military property; one specification of attempted wrongful sale of military property; one specification of dereliction of duty; and one specification of obstruction of justice. Facing over 70 years of confinement, Cpl Anne was sentenced to confinement for twenty-eight months, reduction to pay grade E-1, a fine of $4,000, and a dishonorable discharge.

---

[1] Appellant's pretrial agreement had no impact on the approved sentence.

Cpl Galan-Perez's case was referred to a special court-martial. As part of his pretrial agreement, he pleaded guilty to one specification of conspiracy; two specifications of wrongful sale of military property; and two specifications of larceny of military property. Cpl Galan-Perez was sentenced to confinement for six months, reduction to pay grade E-1, and a bad-conduct discharge.

Finally, LCpl Torres's charges were also disposed of at a special court-martial, where he pleaded guilty to one specification of dereliction of duty; two specifications of wrongful sale of military property; and two specifications of larceny of military property. LCpl Torres was sentenced to five months confinement, reduction to pay grade E-1, and a bad-conduct discharge.

Appellant now argues his sentence was highly disparate to the closely related sentences of LCpl Torres and Cpl Galan-Perez because those two Marines received substantially shorter terms of confinement than Appellant did. He also argues that his sentence was highly disparate from that of Cpl Anne, because Cpl Anne, while "more culpable" received "only a slightly larger sentence." We disagree, find no prejudicial error, and affirm the findings and sentence.[2]

## II. DISCUSSION

We review sentence appropriateness de novo, *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006), and generally without reference or comparison to sentences in other cases. *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985). We will engage in sentence comparison only "in those rare instances in which sentence appropriateness can be fairly determined only by reference to

---

[2] Appellant raises three additional assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). First, Appellant requests that we set aside the sentence and remand the case for a rehearing in order for "the inconsistencies and inaccuracies of Major Norman's testimony to be properly presented to the sentencing judge." Appellant's Brief of 22 May 2019 at 7-8. Second, that trial defense counsel was ineffective for failing to negotiate a pretrial agreement including a waiver of forfeitures in exchange for an allotment directed toward Appellant's spouse. Appellant's Brief of 25 Nov 2019 at 2. Third, that a sentence extending to twenty months' confinement, reduction to pay grade E-1, and a dishonorable discharge is inappropriately severe. *Id.* at 4. We have considered and find no merit in Appellant's second, third, and fourth assignments of error. Having carefully considered those assignments of error, we find them to be without merit. *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987), *cert. denied*, 485 U.S. 968 (1988).

disparate sentences adjudged in closely related cases." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *Ballard*, 20 M.J. at 283).

When arguing for relief based on sentence disparity, an appellant must demonstrate "that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.' If the appellant meets that burden . . . then the Government must show that there is a rational basis for the disparity." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). "Closely related" cases involve "offenses that are similar in both nature and seriousness or which arise from a common scheme or design." *United States v. Kelly*, 40 M.J. 558, 570 (N.M.C.M.R. 1994).

In assessing whether sentences are highly disparate, "adjudged sentences are used because there are several intervening and independent factors between trial and appeal—including discretionary grants of clemency and limits from pretrial agreements—that might properly create the disparity in what are otherwise closely related cases." *United States v. Roach*, 69 M.J. 17, 21 (C.A.A.F. 2010). Moreover, we are "not limited to a narrow comparison of the relative numerical values of the sentences at issue," but may also consider "the disparity in relation to the potential maximum punishment." *Lacy*, 50 M.J. at 289. Finally, co-conspirators are not entitled to similar sentences and disparity between them does not necessarily render one sentence inappropriate, "provided each military accused is sentenced as an individual." *United States v. Durant*, 55 M.J. 258, 261 (C.A.A.F. 2001). This is so because the point of examining disparate sentences is not only to eliminate actual unfairness or injustice, but also to ensure the "appearance of fairness and integrity, without which the public, members of Congress, and service personnel will lose confidence in the military justice system." *Kelly*, 40 M.J. at 570.

We begin here by concurring with the Government that, "nothing in the [r]ecord evinces the facts underlying [Cpl Galan-Perez's or LCpl Torres's] charges, or the evidence presented during their trials, making meaningful comparison impossible."[3] However, even had Appellant met his burden, he would still fail. Assuming without deciding that Appellant's case is "closely related" to those of LCpl Torres and Cpl Galan-Perez, and even that the sentences were "highly disparate," we nonetheless find rational bases for any disparity.

---

[3] Appellee's Brief of 22 Jul 2019 at 11.

First, Appellant's charges were disposed of at a general court-martial while LCpl Torres's and Cpl Galan-Perez's cases were referred to a special court-martial. The choice of forum at which to dispose of criminal charges is part of prosecutorial discretion, for which convening authorities are afforded "broad discretion." *Kelly*, 40 M.J. at 570.

Even were we to question the convening authority's forum decision, the record presented to us demonstrates that it was a reasonable one. Appellant and Cpl Anne were far more engaged in this criminal conduct than were LCpl Torres and Cpl Galan-Perez. Appellant was involved in this scheme from beginning to end. He conspired with Cpl Anne to steal hundreds of thousands of dollars in military equipment. He then conspired with Cpl Anne to obstruct justice by destroying evidence of their misdeeds. The difference in culpability alone is also sufficient to establish for us a "rational" reason for Appellant's greater sentence.

Nor do we find merit in Appellant's contention that his sentence is highly disparate since it was only "slightly" less than Cpl Anne's, even though Appellant claims Cpl Anne was the "more culpable party and . . . the admitted instigator of the criminal scheme."[4] Appellant and Cpl Anne engaged in largely the same course of misconduct over several months, namely, stealing or attempting to steal hundreds of thousands of dollars of government property from the warehouse they were entrusted to secure, selling some of that property to enrich themselves, and then conspiring to cover their tracks. Cpl Anne, the non-commissioned officer of the two, went on to actually obstruct justice and was sentenced to eight months more of confinement and an additional $4,000 fine. We are therefore satisfied that Appellant was sentenced as an individual and that the delta between his sentence and Cpl Anne's does not create risk to the "appearance of fairness [or] integrity" of the military justice system. *Kelly*, 40 M.J. at 570.

The same factors that inform our conclusion that Appellant's sentence is not inproperly disparate when compared to his cohorts, guide us to the conclusion that his sentence is not inappropriately severe.[5] The appropriateness of a sentence involves "the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). Our Court is constrained by the

---

[4] Appellant's Brief of 23 May 2019 at 7.

[5] Appellant raises the closely-related issue of sentence severity pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982),

requirements of Article 66(c), UCMJ, that we may only affirm "the sentence, or such part or amount of the sentence" that we find "correct in law and fact" and that "on the basis of the entire record, should be approved." Our analysis requires that we consider the accused individually, and on the basis of "the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Appellant engaged in a large-scale conspiracy to steal over $300,000-worth of military property. He did so from a position of trust, and ultimately conspired to obstruct justice in an attempt to avoid responsibility for his actions. We find that Appellant's sentence is correct in fact and law, and that, after a careful review of the record, should be approved.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact and no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ, 10 U.S.C. §§ 859, 866. Although not raised by Appellant, we note that the court-martial order (CMO) does not accurately reflect the disposition of all charges and specifications to which Appellant entered pleas of not guilty. The CMO indicates that Charge I, Specification 2, and the sole specifications under Charge IV and Charge VI were dismissed without prejudice. However, the CMO fails to indicate that the dismissals were to ripen into prejudice upon completion of appellate review in which the findings and sentence have been upheld. The appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall properly reflect this disposition. With this correction, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court